# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KHALIF WATSON, | ) | ID NO. 1703002846 A & B |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

Date Decided: October 26, 2022

*Upon the Defendant's Motion for Correction of Illegal Sentence.* **DENIED.**

## ORDER

John S. Taylor, Esquire, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware, 19801, Attorney for the State of Delaware.

Khalif Watson, *Pro Se*.

**SCOTT, J.**

1

This 26th day of October 2022, upon consideration of Defendant's Motion for Correction of an Illegal Sentence pursuant to Superior Court Criminal Rule 35, it appears that:

1. Defendant Khalif Watson ("Watson") has filed a *pro se* Motion for Correction of an Illegal Sentence ("Motion"), pursuant to Superior Court Criminal Rule 35. Watson raised one ground for relief in the instant Motion: his sentence to Possession of a Firearm by a Person Prohibited was illegally enhanced from 5 years to 10 years Level V due to his 2012 Federal Firearm conviction. For the reasons set forth below, Watson's Motion is **DENIED.**

2. On August 17, 2018, the Court sentenced Watson. Watson's Motion rests on his sentence for PFBPP. For this charge, the Court sentenced Watson to ten (10) years at Level V. Watson argues the Court improperly enhanced his sentence from five (5) years at Level V to ten (10) years because it improperly categorized his Federal Firearm conviction was a "violent offense" under the PFBPP statute. Watson argues under Federal Law, his Federal Firearm conviction is considered "non-violent," therefore, this Court cannot consider the conviction to enhance his state conviction.

3. We agree 11 Del. C. § 1448(c) explains how this Court should properly determine what is to be considered a "violent felony" under the law of this

State. The Court, however, disagrees with Watson in his interpretation of such statute. Section 1448(e)(3) reads "For the purposes of this subsection, "violent felony" means any felony so designated by § 4201(c) of this title, *or* any offense set forth under the laws of the United States, any other state or any territory of the United States which is the same as or equivalent to any of the offenses designated as a violent felony by § 4201(c) of this title."[1] The conjunction contained in this section indicates an offense under the laws of the United States, such as Watson's Federal Firearm conviction, may be considered a violent felony in this State if that Federal conviction is the same as or equivalent to any offense designated as a violent felony in this State.

4. Here, to determine whether Watson's Federal Firearm Conviction is the same or equivalent to a violent felony in this State, the Court looks to the statutory definitions and elements of the crime. Under 18 U.S.C.A. § 922(g)(1), the section Watson was found to have violated in Federal Court, the government must have proven that (1) Watson possessed a firearm, (2) Watson had a prior felony conviction, and (3) the firearm was possessed in or affecting interstate commerce[2] for Watson to have been charged with Unlawful Possession of a Firearm by a Convicted Felon.

---

[1] 11 *Del. C.* § 1448(c) (emphasis added).
[2] *United States v. McFadden*, 238 F.3d 198, 200 (2d Cir. 2001).

5. In Delaware, the most similar crime to Watson's Federal conviction is the same crime he was sentenced for in this matter: PFBPP. Under Delaware Law, the State must have proven (1) a defendant was a prohibited person and (2) knowingly possessed a firearm. A prohibited person, under these facts, is an individual who has been convicted of a felony.[3] Therefore, the elements proven for Watson's Federal Unlawful Possession of a Firearm by a Convicted Felon conviction are equivalent to PFBPP conviction. 11 Del. C. § 4201(c) designates PFBPP as a violent felony. Therefore, under 11 Del. C. § 1448(e)(3), this Court was entitled to treat Watson's Federal Firearms conviction as a violent felony for purposes of enhancement of Watson's sentence.

For the reasons set forth above, the Defendant's Motion for Correction of an Illegal Sentence is **DENIED.**

**IT IS SO ORDERED.**

/s/ Calvin L. Scott
**Judge Calvin L. Scott, Jr.**

---

[3] 11 *Del. C.* § 1448(a)

4